IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,473-01 & -02






EX PARTE MARCUS DEWAYNE SHINE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 8442 & 8453 IN THE 8TH DISTRICT COURT


FROM FRANKLIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of a controlled substance and delivery of a controlled substance and sentenced to ten years'
imprisonment on each count. He did not appeal his convictions.

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he relied on the State's file and failed to conduct an independent investigation. On October
5, 2011, we remanded these applications and directed the trial court to order trial counsel to respond
to Applicant's claim. We also directed the trial court to make findings of fact and conclusions of law
as to whether: (1) the playground alleged in the indictments was open to the public and met the
definition of "playground" in § 481.134(a)(3) of the Health and Safety Code; (2) trial counsel's
performance was deficient; and (3) Applicant was prejudiced. 

 On remand, trial counsel filed a sworn affidavit, which the trial court found credible, and the
trial court adopted as findings of fact the history of the cases as set forth in the State's response. No
response from the State was forwarded with the original or supplemental record, however, and the
trial court did not determine whether the playground alleged in the indictments was open to the
public and met the definition of "playground" in § 481.134(a)(3). Accordingly, we believe that the
record is not sufficient to resolve Applicant's claim.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to what evidence,
if any, shows that the playground alleged in the indictments was open to the public and is a
"playground" as defined by § 481.134(a)(3) of the Health and Safety Code. The trial court shall then
make findings and conclusions as to whether trial counsel's performance was deficient and, if so,
whether Applicant was prejudiced. Finally, the trial court shall make a finding as to whether
Applicant received any benefit in exchange for pleading guilty and agreeing to be sentenced to ten
years' imprisonment, the maximum sentence in these causes. The trial court shall also make any
other findings and conclusions that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the State's response,
if it exists, shall also be forwarded with the supplemental record. Any extensions of time shall be
obtained from this Court. 



Filed: January 11, 2012

Do not publish